IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMOS NOLA OSBORN,

                                       Civil No. 05-1196-CL

                                       REPORT AND

                  Petitioner,       RECOMMENDATION

       v.

BRIAN BELLEQUE,

                Respondent.

_____

CLARKE, Magistrate Judge:

     Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.  In his amended petition for habeas corpus relief, petitioner alleges two grounds for relief (#45).  Respondent moves to deny habeas corpus relief.  Based on the following, the court recommends that petitioner's amended petition for habeas corpus relief (#45) be denied and this case be dismissed.

## I.  BACKGROUND

Petitioner, after a court trial, was convicted of two counts of Aggravated Murder.  (Amended Petition).  He was sentenced to concurrent true life sentences.  (Respondent's Exhibit 101).

Petitioner directly appealed his conviction to the Oregon Court of Appeals raising the following assignments of error:

Assignment of Error No. 1

The Trial Court erred by finding "  .  .  that defendant has not proven by a preponderance of the evidence the defense that's been raised . . ."

Assignment of Error No. 2

The Trial Court erred by finding that the Court " . . . . cannot find any mitigating circumstances that suggests that there should be other than what the law prescribes.  Accordingly, the Judgment of the Court is that you be sentenced to life imprisonment without the possibility of parole."

(Respondent's Exhibit 107).

In his brief, petitioner argued that:

Argument No. 1

The testimony of Dr. Lezak and Dr. Zimmerman establishes defendants prior brain injury and that defendant has a severe impulse control problem, which; to a reasonable medical certainty, constitutes a "mental defect" within the meaning of ORS 161.295, as applied to this case.  The Defendant met his burden of proof on his affirmative defense.

Argument No. 2

    That Defendant's prior brain injury and his severe impulse control problem is "mitigation" for purposes of sentencing pursuant to ORS 163.105.

(Id.).  The Oregon Court of Appeals affirmed the convictions without opinion, and the Oregon Supreme Court denied review. (Respondent's Exhibits 110 and 111).

    The petitioner's Petition for Review to the Oregon Supreme Court raised the following questions:

    1. Did the trial court err by not finding that defendant met his burden of proof to show he was suffering a "mental disorder" at the time of the crime; and

    2. Did the trial court err by not finding, at sentencing, that defendant's brain injury rose to the level of mitigation for sentencing purposes.

(Respondent's Exhibit 109).

    In his brief in support of his Petition for Review, petitioner argued that: 1) the testimony of Drs. Lezak and Zimmerman met defendant's burden of proof to show a mental defect by preponderance of the evidence.  He also urged the court to consider the testimony of Dr. Lezak and Dr. Zimmerman's mitigating evidence as sufficient to sentence Defendant to a life sentence with a 30 year minimum. (Respondent's Exhibit 109).  The Oregon Supreme Court denied review.  (Respondent's Exhibit 110).

REPORT AND RECOMMENDATION - 3

Petitioner filed an amended petition for post-conviction relief. (Respondent's Exhibit 112). In his First Claim for Relief, Petitioner alleged that he was denied the effective and adequate assistance of trial counsel under the Sixth and Fourteenth Amendments to the Constitution of the United States in that his trial counsel:

1) Failed to adequately prepare the Petitioner's expert witness by failing to provide those witnesses with copies of relevant investigative reports concerning the incident for which Petitioner was charged thereby affecting their opinions and credibility at trial;

2) Failing to adequately explain the consequences of waiving the Petitioner's constitutional right to a jury trial on the charges against him, thereby denying the Petitioner his right to trial by jury on the charges filed against him.

3) Failed to present available witnesses in mitigation on behalf of Petitioner at trial, thereby not presenting sufficient evidence to the Court justifying a lesser sentence.

In his Second Claim for Relief, petitioner alleged that:

Petitioner's imprisonment and restraint of liberty is illegal because these proceedings resulted in a substantial denial of Petitioner's rights in violation of ORS 138.530 and the provisions of the Constitution of the United States and the State of Oregon in that the trial court:

1. Failed to authorize adequate funds requested by the defense for an expert psychiatrist, Dorthy Lewis to assist trial counsel and the Petitioner in his defense to aggravated murder.

REPORT AND RECOMMENDATION - 4

> 2.    Imposed an unconstitutional sentence of
>        life without parole in violation of
>        Article I, Section 40 of the Oregon
>        Constitution.

(Id.).

The post-conviction trial court issued a judgment in favor of Respondent and against Petitioner. (Respondent's Exhibit 129). The post-conviction court made the following relevant Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

> 1.    On January 18, 1997, petitioner shot and killed Arthur Gallegos and Jason Hansen.
>
> 2.    Petitioner was charged with two counts of Aggravated Murder.
>
> 3.    Petitioner knowingly waived his right to jury trial, and tried his case before the court, which found petitioner guilty of both counts.
>
> 4.    Petitioner received adequate assistance of counsel.
>
>                  * * * *
>
> 6.    Petitioner was aware of his right to proceed to jury trial and the consequences of waiving that right. Counsel and petitioner discussed at length whether to proceed to jury trial or try petitioner's case before the court. Counsel's advice to petitioner was sound, petitioner was aware of the manner in which he was proceeding, and was well informed.
>
> 7.    Petitioner failed to prove the existence of specific witnesses who could have testified as mitigation witnesses on his behalf and who would have had a tendency to affect the outcome of his case. A mitigation investigator was hired, however no helpful witnesses were discovered.

\* \* \* \*

9.  Petitioner's claims of trial court error are not proper for post-conviction relief. Nevertheless, the court did not err with respect to additional funds for expert witnesses, as petitioner was provided with two expert witnesses who were highly respected in their fields.

10. Petitioner's sentence is not unconstitutional, nor is it improper.  Petitioner's sentence was affirmed on appeal.

## CONCLUSIONS OF LAW

1.  Based on the findings of fact set forth above, in the underlying criminal proceedings resulting in petitioner's conviction, petitioner was not denied his right to assistance of counsel, as guaranteed by . . . the United States Constitution and as articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).

2.  Petitioner's claims of trial court error are barred by *Palmer v. State of Oregon*, 318 Or 352 (1994), Lerch v. Cupp, 9 Or App 508 (1972), and *Hunter v Maass*, 106 Or App 438 (1991).

3.  Petitioner did not prove any of his claims by a preponderance of the evidence.

(Respondent's Exhibit 128).

Petitioner appealed the denial of Post-Conviction Relief to the Oregon Court of Appeals, and argued that the performance of his trial counsel was constitutionally inadequate and petitioner's counsel failed to adequately prepare a defense.  (Respondent's Exhibit 130).  In his Petitioner for Review, the petitioner raised the following question: "Was the assistance of counsel petitioner received

in the underlying criminal case constitutionally adequate?".
(Respondent's Exhibit 132).    The Oregon Court of Appeals
affirmed the ruling of the Post-Conviction trial court,
without opinion, and the Oregon Supreme Court denied review.
(Respondent's Exhibits 133 and 134).

In his amended habeas corpus petition, petitioner alleges
the following assignments of error:

Ground A: Petitioner was denied his right to the
effective assistance of counsel under the Sixth and
Fourteenth Amendments to the United States
Constitution because trial counsel:

1)    allowed him to waive his right to a trial
      by jury, before the investigation in his
      case was complete, without fully advising
      him of the consequences of waiving trial
      by jury, and without ensuring a knowing,
      intelligent, and voluntary waiver of
      trial by jury: and

2)    failed to offer mitigating witnesses at
      the sentencing hearing who would have
      provided a basis for the trial judge to
      sentence Mr. Osborn to life with the
      possibility of parole.


Ground B: Petitioner was denied his Sixth and
Fourteenth Amendment rights to trial by jury and to
due process because the trial judge:

1)    allowed a waiver of trial by jury without
      engaging in an on-the-record colloquy
      with Mr. Osborn and without determining
      that the waiver was made knowingly,
      intelligently, and voluntarily.

(Amended Petition).

## II.  <u>DISCUSSION</u>

### <u>Timeliness/Relation Back Doctrine</u>

Respondent contends petitioner's Ground B is untimely and it does not relate back to the date of the filing of the original petition.  The court finds that it unnecessary to decide this issue as petitioner has procedurally defaulted Ground B as discussed below.

### <u>Exhaustion/Procedural Default</u>

Respondent contends Petitioner's Ground B is unexhausted and procedurally defaulted, and petitioner has failed to show cause, prejudice, or actual innocence as to excuse the default.

State prisoners are required to exhaust their state remedies before petitioning for a writ of habeas corpus in federal court.  <u>Coleman v. Thompson</u>, 501 U.S. 772, 731 (1991).  In order to satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts.  <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004).

The state courts must be provided with a "fair opportunity" to apply controlling legal principles to the facts bearing upon any constitutional claims.  <u>Picard v. Connor</u>, 404 U.S. 270, 278 (1971).  The claims raised in the state court proceedings must be "the substantial equivalent"

of the claims raised in the habeas corpus petition. Id.

The "mere similarity of claims is insufficient to exhaust." Duncan v. Henry, 513 U.S. 364, 366, rehearing denied, 514 U.S. 1032 (1995). "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). The petitioner must refer to a specific constitutional provision, a federal case, or a state case raising a pertinent federal constitutional issue. Abdullah v. Groose, 75 F.3d 408, 411-412 (8th Cir.), cert. denied, 517 U.S. 1215 (1996). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999), cert. denied, 529 U.S. 1009 (2000)(citation omitted).

A claim has been exhausted if the claim has been fairly presented to the highest state court with jurisdiction to consider the claim, and no state remedy remains available. Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). To satisfy the fair presentation requirement, the petitioner must make the federal basis of his claim explicit. Gatlin v. Mading, 189 F.3d 882, 889 (9th Cir. 1999), cert. denied, 528 U.S. 1087 (2000)(citation omitted). The fair presentation

requirement is satisfied when the state is given an opportunity to review both the factual and legal basis of petitioner's claim. Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999). New factual allegations will be considered unexhausted, if they "fundamentally alter the legal claim already considered by the state courts." Id. (citation omitted).

A claim is not fairly presented if it is raised in a "procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351-352, rehearing denied, 490 U.S. 1076 (1989). When a state prisoner deprives "the state court of a fair opportunity to address the merits of his claim and state procedural rules bar him from returning to state court, he has procedurally defaulted and is ineligible for federal habeas relief unless he can show cause and prejudice" or actual innocence. Peterson, 319 F.3d at 1156; Wells v. Maass, 28 F.3d 1005, 1007 (9th Cir. 1994)(citing Coleman v. Thompson, 501 U.S. 722, 729-732, reh'g denied, 501 U.S. 1277 (1991)).

Cause is a legitimate excuse for the default, due to something external to the prisoner. Coleman, 501 U.S. at 753. Prejudice is actual harm resulting from the alleged constitutional violation. Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). "A fundamental miscarriage of justice

occurs when a constitutional violation has probably resulted in the conviction of one who is actually innocent." Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998)(citation and quotations omitted).

Procedural default occurs when a petitioner fails to present his claims to the state court, and that failure constitutes a waiver under state law. Wells, 28 F.3d at 1007 (citations omitted). The failure to present a claim which would be procedurally barred in state court fulfills the technical requirement of exhaustion of state remedies. Coleman, 501 U.S. at 735 n.1.

Petitioner did not fairly present his claim B on direct appeal. Petitioner did not object at the trial court level when the trial court allowed the waiver of jury trial without an on-the-record colloquy determining whether the waiver was knowingly, intelligently, and voluntarily made. Petitioner failed to raise this claim in his direct appeal, and even if he did raise it, under Oregon Rules of Appellate Procedure (ORAP) 5.45(4)(a), the Court of Appeals could not have considered this claim. See State v. Wyatt, 331 Or. 335, 343 (2000). Under ORAP 9.20(2), the claim was not properly before the Oregon Supreme Court. See Peterson v. Lampert, 319 Or. 1153, 1156 (9th Cir. 2003). Petitioner should have raised any claims of trial court error in his direct appeal. Palmer v.

State of Oregon, 318 Or. 352 (1994).  Petitioner's time for filing a direct appeal has passed and he can no longer seek relief from the Oregon State Court's on any direct appeal issues.

Petitioner failed to properly present claim B to the post-conviction court.  Claim B was not included in his post-conviction petition.  Although petitioner contends that the issue was raised in his memorandum in support of his post-conviction petition, this was insufficient as Oregon law provides that claims not presented in the post-conviction petition are waived.  Bowen v. Johnson, 166 Or.App. 89, 93 (2000).

Petitioner contends that the post-conviction court reached his claim on the merits.  However, the post-conviction court did not reach petitioner's claim B regarding the trial court's error on the merits, but instead found that:

> Petitioner's claims of trial court error are barred by *Palmer v. State of Oregon*, 318 Or 352 (1994), Lerch v. Cupp, 9 Or App 508 (1972), and *Hunter v Maass*, 106 Or App 438 (1991).

(Respondent's Exhibit 128).

Palmer holds that a petitioner cannot assert as a ground for relief in a post-conviction proceeding any issue that was not raised at trial in the underlying criminal proceeding or on appeal, unless an exception applies.  Id. at 354.  In addition, any issues that could have been raised at the trial

court level or on direct appeal, but were not raised because of ineffective assistance of counsel, may only be raised in a post-conviction proceeding under a claim for inadequate assistance of counsel. Id.

The post-conviction trial court found that petitioner's Claim B regarding trial court error was barred under <u>Palmer</u>. (Exhibit 115 at 2-3). Petitioner's Claim B regarding trial court error was not considered on the merits by the post-conviction court, the Court of Appeals or Supreme Court. ORAP 5.45 and ORAP 9.20(2). The time for petitioner to file a post-conviction proceeding in state court has elapsed and any further post-conviction relief in state court is unavailable.

Petitioner has failed to exhaust his state court remedies as to Claim B, and the time to file any direct appeal or petition for post-conviction relief has passed. Petitioner has failed to show cause and prejudice or that failure to consider these claims will result in a fundamental miscarriage of justice. <u>Coleman</u>, 501 U.S. at 749. Accordingly, Ground B should be dismissed based on procedural default.

**<u>Non-Defaulted Grounds</u>**

As to petitioner first ground for relief, ground 1.1 and ground 1.2, respondent contends that the state courts' decisions are entitled to deference, the claims lack merit, petitioner's attorney's performance was not deficient,

petitioner has not shown prejudice, and there is no clearly established Supreme Court law on claims of error in non-capital sentencing cases.

Any factual determinations made by the state courts are presumed to be correct. 28 U.S.C. § 2254(e). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. Id.; Lambert v. Blodgett, 393 F.3d 943, 977-978 (9th Cir. 2004), cert. denied, 126 S.Ct. 484 (2005).

This petition was filed after April 26, 1996. Therefore, the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) govern this case. The AEDPA revised the standards of deference federal courts must accord state court decisions.

This standard provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).

In deciding whether to apply the new AEDPA deference standards, the court must first determine whether petitioner's claims were adjudicated on the merits. The record demonstrates that petitioner's remaining claims were adjudicated on the merits by the state courts in petitioner's post-conviction proceedings. Therefore, the deferential review standards contained in 28 U.S.C. § 2254(d) apply to these claims.

"The threshold question under AEDPA is whether . . . [the petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." Williams v. Taylor, 529 U.S. 362, 390 (2000). When determining what the clearly established federal law is, federal courts look at the holdings of the United States Supreme Court as of the time of the state court's decision. Id. at 412. Ninth Circuit law may still be considered "for its persuasive authority in applying Supreme Court law . . .". Van Tran v. Lindsey, 212 F.3d 1143, 1154 (9th Cir.), cert. denied, 531 U.S. 944 (2000), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003).

Under §2254(d)(1), a state prisoner may obtain federal habeas corpus relief with respect to a claim adjudicated on the merits in state court only if the state court's ruling was

either (1) contrary to clearly established federal law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. <u>Williams</u>, 529 U.S. at 404-405; <u>Van Tran</u>, 212 F.3d at 1149. These clauses have independent meanings, but in some cases they may overlap. <u>Williams</u>, 529 U.S. at 408.

A state court's decision is "contrary to" clearly established Supreme Court precedent if 1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or 2) the state court "confronts a set of facts that are materially indistinguishable" from a Supreme Court case, but still reaches a different result. <u>Id.</u> at 404-408, 413; <u>Lockyer</u>, 538 U.S. at 73; <u>Clark v. Murphy</u>, 331 F.3d 1062, 1069 (9th Cir.), <u>cert. denied</u>, 540 U.S. 968 (2003); <u>Van Tran</u>, 212 F.3d at 1150. A state court's decision is "contrary to" Supreme Court precedent if it is diametrically different, opposite in character or nature, or mutually opposed to, a Supreme Court holding. <u>Williams</u>, 529 U.S. at 405.

In cases where the state court applies the proper legal rule, which is the clearly established federal law at the time of the state court's decision, the federal habeas corpus court will examine the state court's decision under the

"unreasonable application" clause. Id. at 406-408. A state court decision involves an "unreasonable application" of Supreme Court precedent if 1) the state court identifies the correct governing rule, but then applies it to a new set of facts in an unreasonable way, or 2) the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. Id. at 407-409; Wiggins v. Smith, 539 U.S. 510, 520 (2003); Clark, 331 F.3d at 1067; Van Tran, 212 F.3d at 1150.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . . [A]n unreasonable application of federal law is different from an incorrect application of federal law." Williams, 529 U.S. at 408-410; Lockyer, 538 U.S. at 75; Wiggins, 539 U.S. at 520; Clark, 331 F.3d at 1067-1068. A federal court may not issue a writ even when it concludes, based on its independent judgment, that the state court, in reaching its decision, applied clearly established federal law erroneously or incorrectly. Williams, 529 U.S. at 412-413; Lockyer, 538 U.S. at 76; Woodford v. Visciotti, 537 U.S. 19, 24 (2002), reh'g denied, 537 U.S. 1149 (2003).

Under section 2254(d)(2), a state prisoner may obtain federal habeas corpus relief with respect to a claim adjudicated on the merits in state court only if the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Factual determinations by state courts are presumed correct in the absence of convincing evidence to the contrary. Miller-El, 537 U.S. at 340. "A state court decision 'based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding.'" Davis v. Woodford, 384 F.3d 628, 638, cert. dismissed, 545 U.S. 1165 (2005)(quoting Miller-El, 537 U.S. at 340).

The clearly established federal law governing ineffective assistance of counsel claims at the time the state court made it's decision was set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984). Wiggins, 539 U.S. at 521; McClure v. Thompson, 323 F.3d 1233, 1241 (9th Cir.), cert. denied, 540 U.S. 1051 (2003).[1]  Under

---

[1]  Petitioner relied on Strickland in his post-conviction trial memorandum and, the post-conviction court, in making its decision on petitioner's claims of ineffective assistance of counsel applied the standards set forth in Strickland.  On appeal from the post-conviction judgment, petitioner relied on Oregon state law, but did not cite to Strickland in the court of appeals or in his petition for review by the Oregon Supreme Court. The

clearly established Supreme Court law, to prevail on a claim of ineffective assistance of counsel, petitioner must satisfy a two-part test: petitioner must show both that trial counsel's performance fell outside the wide range of reasonable professional assistance, and that the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. A petitioner must identify the acts or omissions of counsel that petitioner alleges were not the result of reasonable professional judgment. Id. at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance. Id. The reasonableness of counsel's performance must be judged on the facts of the particular case and viewed at the time of counsel's conduct. Id.

If counsel's performance is found to be deficient, any deficiencies must be prejudicial to the defense in order to constitute ineffective assistance of counsel. Id. at 691. Prejudice occurs where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of

state post-conviction court applied the proper Supreme Court precedent to petitioner's claims.

the proceeding would have been different . . .. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The court need not address both components of the ineffective assistance of counsel inquiry if petitioner's showing on one component is insufficient. Id. at 697. In particular, the court may dispose of an ineffectiveness claim on the ground of lack of prejudice alone. Id. The ultimate focus of the inquiry for the court is, "whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." Id. at 696.

In challenging a conviction, the petitioner must show that "absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695. In making this determination, the court considers the totality of the evidence before the judge or the jury. Id. "Taking the unaffected findings as given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." Id. at 696.

It is clear from the record that the state post-conviction court applied the proper legal rule when deciding petitioner's claims of ineffective assistance of counsel. Therefore, this court will review the state court's decision under the "unreasonable application" clause. The first step in our analysis is whether the state court erred in its determination.

The state post-conviction trial court made the following relevant findings of fact with regard to petitioner's remaining claims:

> 3. Petitioner knowingly waived his right to jury trial, and tried his case before the court, which found petitioner guilty of both counts.

> 4. Petitioner received adequate assistance of counsel.

> * * * *

> 6. Petitioner was aware of his right to proceed to jury trial and the consequences of waiving that right. Counsel and petitioner discussed at length whether to proceed to jury trial or try petitioner's case before the court. Counsel's advice to petitioner was sound, petitioner was aware of the manner in which he was proceeding, and was well informed.

> 7. Petitioner failed to prove the existence of specific witnesses who could have testified as mitigation witnesses on his behalf and who would have had a tendency to affect the outcome of his case. A mitigation investigator was hired, however no helpful witnesses were discovered.

These factual determinations are supported by the Election to Waive Jury Trial and the affidavit of Petitioner's attorney Kenneth Gough (Respondent's Exhibits 122 and 124). In addition, the trial transcript demonstrates that the fact that petitioner suffered a brain injury which affected his behavior and impulse control was presented to the trial court and the trial court considered the petitioner's brain injury and impulse control problem when sentencing petitioner. (Respondent's Exhibits 103-106).

Based upon the factual findings of the state-post-conviction court and the court's review of the evidence in the record, petitioner has failed to show that the post-conviction court's determination relating to whether trial counsel was ineffective by not ensuring that petitioner's waiver of his right to a jury trial was knowingly, intelligently and voluntarily made was not contrary to nor involved an unreasonable application of clearly established Supreme Court precedent. Therefore, petitioner is not entitled to relief on this claim that he was denied effective assistance of counsel.

Respondent has pointed out that there is no clearly established law with regard to sentencing in noncapital cases. Cooper-Smith v. Palmateer, 397 F.3d 1236, 1244 (9th Cir.), cert. denied, 546 U.S. 944 (2205). Since there is no clearly established law on this issue, petitioner is not entitled to

habeas relief under Section 2254(d)(1) on his mitigation witnesses claim. Even applying the <u>Strickland</u> standard, the court rules that counsel was not ineffective because he hired a mitigation expert and the mitigation expert did not find any helpful witnesses.

Petitioner may still be entitled to relief under Section (d)(2) if the state post-conviction court's decision resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding. Any factual determinations made by the state courts are presumed to be correct. 28 U.S.C. § 2254(e). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. <u>Id</u>.; <u>Lambert v. Blodgett</u>, 393 F.3d 943, 977-978 (9th Cir. 2004), <u>cert. denied</u>, 126 S.Ct. 484 (2005).

Petitioner points to the affidavits of Robert Woolley, Vicki Condos, Denise Condos, Francine Akins, and Frank Condos (Respondent's Exhibits 115-119) to overcome the presumption of correctness of the post-conviction court's finding that the petitioner's counsel hired a mitigation investigator and that no helpful witnesses were found. The court finds that Petitioner has failed to rebut the presumption of correctness of the post-conviction trial court's findings of fact by clear and convincing evidence. These affidavits do not address the

issue of whether petitioner's attorney hired a mitigation expert or whether the mitigation expert found any helpful witnesses. Based upon the factual findings of the state post-conviction court and this court's review of the evidence in the record, petitioner has failed to show that the post-conviction court's decision relating to whether trial counsel was ineffective in not calling mitigation witnesses was not contrary to and did not involve an unreasonable application of clearly established Supreme Court precedent.

### III.  RECOMMENDATION

Based upon the foregoing, it is recommended that petitioner's amended petition for habeas corpus relief (#45) be denied, and this case be dismissed.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due on February 21, 2008.  If objections are filed, any responses to the objections are due 14 days after the objections are filed*. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the

factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this __7__ day of February, 2008.


_____/s/_____

UNITED STATES MAGISTRATE JUDGE